UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| LINDA FLINT EDGE, |
|---|
| Plaintiff, |
| v. |
| NORFOLK FINANCIAL CORPORATION and DANIEL W. GOLDSTONE, |
| Defendants. |

CIVIL ACTION NO. 04-12134-DPW

## DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Local Rule 56.1, the defendants Norfolk Financial Corporation ("Norfolk") and Daniel W. Goldstone ("Goldstone") submit the following statement of undisputed materials facts.

1. The plaintiff, a Boston resident, had a credit account with Providian Bank and fell behind on her payments. (O'Connor Aff. ¶ 2)

2. Providian sold the account to Norfolk, which corresponded with the plaintiff about the account. Norfolk's first letter to the plaintiff was dated September 3, 2003. Additional letters were sent on October 14 and 21, and December 4. (See letters attached to complaint; Goldstone Aff. ¶ 2)

3. Norfolk filed suit on the account in Boston Municipal Court on October 21, 2004. (O'Connor Aff. ¶ 2) The plaintiff had the right to assert a counterclaim but did not do so, and she raised no issue as to the correspondence from Norfolk or as to her obligation and indebtedness as alleged by Norfolk. (Goldstone Aff. ¶ 3)

4. At a hearing on January 8, 2004, the plaintiff and Norfolk executed and filed an Agreement for Judgment in which the plaintiff promised to resolve the matter by paying

$1,080.00 by March, 2004. Final judgment entered for Norfolk. There was no appeal. (O'Connor Aff. ¶ 2; Goldstone Aff. ¶¶ 4,7)

5. An execution issued for $1,704.20. (O'Connor Aff. ¶ 3; Goldstone Aff. ¶ 8)

6. On March 1, 2004 the plaintiff called Norfolk, said she could not pay the agreed settlement on schedule, and would pay $40.00 monthly toward retirement of the judgment. She made no such payments. (Goldstone Aff. ¶ 9)

7. The plaintiff filed this suit on October 8, 2004.

8. In her complaint, the plaintiff alleges that Norfolk and Goldstone have violated the FDCPA because the correspondence from Norfolk to the plaintiff prior to the Boston Municipal Court suit is false and misleading, and because of Norfolk's collection of "an amount that is not expressly authorized by the agreement creating the debt or permitted by law . . . ." (Complaint ¶¶ 34-35)

9. In the complaint the plaintiff disputes the debt. She repeatedly refers to it as "the alleged debt"; and she alleges that payments she made to Norfolk constitute "damages" in this action. (Complaint ¶ 36).

NORFOLK FINANCIAL CORPORATION and
DANIEL W. GOLDSTONE

By their attorney,

_[signature]_
John J. O'Connor
BBO # 555251
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

Dated: November 23, 2004
PABOS2:JOCONNO:602318_1

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a copy of the attached Affidavit by first class mail on the following:

>Yvonne W. Rosmarin, Esq.
>58 Medford Street
>Arlington, MA  02474

Dated: November 23, 2004

John J. O'Connor

PABOS2:JOCONNO:602084_1