UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA FLINT EDGE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NORFOLK FINANCIAL CORPORATION<br>and DANIEL W. GOLDSTONE,<br>　　　　Defendants. | CIVIL ACTION NO. 04-12134 DPW |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO
DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**

INTRODUCTION

The plaintiff is a debtor who fell behind on a credit account held by Providian Bank. The defendant Norfolk Financial Corporation ("Norfolk"), which is owned by the defendant Daniel Goldstone, purchased the plaintiff's Providian account, issued some simple demand letters, then filed a collection action in Boston Municipal Court. The plaintiff did not dispute the demands or her liability to Norfolk, and in January 2004 agreed in court to the entry of judgment against her, and to make a payment to settle the matter in full by March, 2004.

The plaintiff never paid as promised. Instead, she commenced this action alleging that she was <u>not</u> indebted to Norfolk, and that Norfolk had violated the Fair Debt Collection Practices Act ("FDCPA"). This suit seeks nothing less than federal review of issues that the plaintiff could and should have raised, but did not raise, in state court, as well as nullification of the state court judgment  As such, under the <u>Rooker-Feldman</u> doctrine, this Court lacks subject matter jurisdiction and should dismiss. Alternatively, the defendants should be granted summary judgment on estoppel and res judicata grounds.

## ALLEGATIONS AND UNDISPUTED FACTS

1.  The plaintiff, a Boston resident, had a credit account with Providian Bank and fell behind on her payments. (O'Connor Aff. ¶ 2)

2.  Providian sold the account to Norfolk, which corresponded with the plaintiff about the account. Norfolk's first letter to the plaintiff was dated September 3, 2003. Additional letters were sent on October 14 and 21, and December 4. (See letters attached to complaint; Goldstone Aff. ¶ 2)

3.  Norfolk filed suit on the account in Boston Municipal Court on October 21, 2004. (O'Connor Aff. ¶ 2) The plaintiff had the right to assert a counterclaim but did not do so, and she raised no issue as to the correspondence from Norfolk or as to her obligation and indebtedness as alleged by Norfolk. (Goldstone Aff. ¶ 3)

4.  At a hearing on January 8, 2004, the plaintiff and Norfolk executed and filed an Agreement for Judgment in which the plaintiff promised to resolve the matter by paying $1,080.00 by March, 2004. Final judgment entered for Norfolk. There was no appeal. (O'Connor Aff. ¶ 2; Goldstone Aff. ¶¶ 4,7)

5.  An execution issued for $1,704.20. (O'Connor Aff. ¶ 3; Goldstone Aff. ¶ 8)

6.  On March 1, 2004 the plaintiff called Norfolk, said she could not pay the agreed settlement on schedule, and would pay $40.00 monthly toward retirement of the judgment. She made no such payments. (Goldstone Aff. ¶ 9)

7.  The plaintiff filed this suit on October 8, 2004.

8.  In her complaint, the plaintiff alleges that Norfolk and Goldstone have violated the FDCPA because the correspondence from Norfolk to the plaintiff prior to the Boston Municipal Court suit is false and misleading, and because of Norfolk's collection of "an amount

that is not expressly authorized by the agreement creating the debt or permitted by law . . . ." (Complaint ¶¶ 34-35)

9.  In the complaint the plaintiff disputes the debt. She repeatedly refers to it as "the alleged debt"; and she alleges that payments she made to Norfolk constitute "damages" in this action. (Complaint ¶ 36).

## ARGUMENT

I.  PURSUANT TO THE ROOKER-FELDMAN DOCTRINE, THIS COURT LACKS SUBJECT-MATTER JURISDICTION OVER THIS ACTION.

Under the so-called Rooker-Feldman doctrine, federal courts lack subject matter jurisdiction over claims that effectively seek review of state court judgments. See generally Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-416 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-486 (1983). The doctrine applies to claims and issues raised in the state court and also to those that were not raised but are "inextricably intertwined" with the state court proceedings. A federal claim is intertwined with the state court claims if the federal claims succeed "only to the extent that the state court wrongly decided the issues before it." Sheehan v. Marr, 207 F.3d 35, 40 (1st Cir. 2000). Under the Rooker–Feldman doctrine, parties seeking review of state court proceedings must do so through the state review process, not through suits in Federal Court. The doctrine also recognizes that even erroneous state court decisions do not give rise to federal causes of action. See generally Rosenfeld v. Egy, 346 F.3d 11, 18-19 (1st Cir. 2003); Mandel v. Town of Orleans, 326 F.3d 267, 271 (1st Cir. 2003).

In circumstances analogous to those of this case, many courts have invoked the Rooker-Feldman doctrine in declining jurisdiction over FDCPA suits based on contentions that were or could have been raised in state court proceedings. E.g., Kropelnicki v. Siegel, 290 F.3d 118, 128-129 (2nd Cir. 2002); Ellis v. CAC Fin. Corp., 2001 U.S. App. LEXIS 4961 (10th Cir. 2001);

3

Bisbee v. McCarty, 2001 U.S. App. LEXIS 1512 (10th Cir. 2001); Resler v. Messerli & Kramer P.A., 2003 WL 193498 (D. Minn. 2003); Witt v. Westfield Acceptance Corp., 2002 U.S. Dist. LEXIS 7821 (S. D. Ind. 2002); Hamid v. Blatt, Hasenmiller, Liebsker, Moore & Pellettieri, 2001 U.S. Dist. LEXIS 20012 (N.D. Ill. Nov. 30, 2001).

In accordance with these authorities, the Rooker-Feldman doctrine applies here and requires dismissal. By this suit the plaintiff is attempting to contest her adjudicated liability to Norfolk and trump the judgment of the Boston Municipal Court. The plaintiffs' allegations dispute the debt held by Norfolk. She alleges that the amount sought by Norfolk and confirmed in the judgment was "not authorized by the agreement creating the debt or permitted by law." She describes her obligation throughout the complaint as the "alleged debt." She lists as an element of her damages in this action payments that she has allegedly made toward retiring the debt. (The implication of this, of course, is that the judgment and payments made pursuant to it are unlawful.)

It follows necessarily from this that the claims here are inextricably intertwined with the adjudication of the Boston Municipal Court. Where that court entered judgment in the amount of the indebtedness alleged by Norfolk and conceded by the plaintiff, the plaintiff now says she is not indebted to Norfolk. Where that court entered judgment for a liquidated sum in favor of Norfolk and against the plaintiff, the plaintiff now contends that money she has paid to Norfolk is part of her damages recoverable in this action. Where that court issued a judgment for substantially the same amount repeatedly demanded by Norfolk prior to the suit and the entry of judgment (through correspondence the plaintiff never challenged), the plaintiff now contends that those demands were deceptive and misleading, and that the judgment is not "permitted by

4

law." Manifestly, the plaintiff's claims here can succeed "only to the extent that the state court [was wrong]." Sheehan, 207 F.3d at 40.

In these circumstances, it is immaterial that the plaintiff did not specifically raise her current claims in the Boston Municipal Court. Because her claims are so clearly connected to the state court proceedings, federal review of the claims will necessarily entail review of the state court proceedings and judgment. It is immaterial that the applicable rules of the Small Claims Session of the Boston Municipal Court make counterclaims permissible but not mandatory. Even if the plaintiff was not <u>required</u> to assert her current claims in the Boston Municipal Court, she undeniably had <u>every right and opportunity</u> to assert them. See G.L. c. 218 § 21 (describing jurisdiction of Small Claims Court); Boat Maintenance & Repair Co. v. Larson, 50 Mass. App. Ct. 329, 330-333 (2000) (small claims defendants are entitled to assert counterclaims and collect up to the court's jurisdictional limit; as to counterclaims in excess of that limit, they are entitled to transfer to district court); 15 U.S.C. § 1692K(d) (creating concurrent state/federal jurisdiction over private FDCPA actions).

The plaintiff was free to assert her current claims in state court and to appeal if she was aggrieved by errors in the process. Under Rooker-Feldman, she should have done so. E.g., Kropelnicki, 290 F.3d at 128 (claims that could have been raised in state court are inextricably intertwined within Rooker-Feldman). This Court lacks jurisdiction to consider these claims now.

II.  IN ANY EVENT, THE DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT DISMISSING ALL CLAIMS.

   A.  The Doctrine of Judicial Estoppel Bars this Action.

Judicial estoppel "precludes a party from asserting a position in one legal proceeding that is contrary to a position it had previously asserted in another proceeding ...." Blanchette v. School Committee of Westwood, 420 7 Mass. 176, 184 (1998). See Gens v. Resolution Trust

5

Corp., 112 F. 3d 569, 572-573 (1st Cir. 1997). The doctrine is designed to "protect the integrity of the judicial process." United States v. Levasseur, 846 F.2d 786, 792 (1st Cir.), cert. denied, 488 U.S. 894 (1988). It ensures that parties cannot play "fast and loose" and "use the judicial process in an inconsistent way that courts should not tolerate." Id. See also Cadle Co. v. Schlictmann, Conway, Crowley & Hugo, 338 F.3d 19, 22 (1st Cir. 2003); Patriot Cinemas, Inc. v. General Cinema Corp., 834 F.2d 208, 212 (1st Cir. 1987).

Judicial estoppel applies here and bars the plaintiff generally from challenging Norfolk's conduct or the judgment of the Boston Municipal Court, and specifically from denying her indebtedness to Norfolk and claiming damages based on her prior payments to Norfolk. Norfolk sent demand letters to the plaintiff that she never contested. Norfolk then filed suit against the plaintiff alleging an indebtedness that the plaintiff conceded in court. The plaintiff not only did not dispute Norfolk's allegations in the Boston Municipal Court, she entered into an Agreement for Judgment pursuant to which she promised to settle the matter by paying nearly the entire indebtedness. Pursuant to the parties' agreement, judgment entered against the plaintiff. Thereafter, the plaintiff never appealed.

Thus, by her words and her actions, the plaintiff repeatedly represented to the Boston Municipal Court and Norfolk that: (1) she was indebted to Norfolk as alleged in its demand letters and complaint; and (2) Norfolk was entitled to be paid the amounts allegedly due. In reliance on these representations, the Boston Municipal Court accepted and approved the Agreement for Judgment signed by the plaintiff, entered judgment, and issued an execution. For its part, Norfolk entered into the Agreement for Judgment and has (so far) refrained from execution.

6

In these circumstances, the plaintiff is estopped from asserting that her obligation to Norfolk is only an "alleged" obligation, that her payments to Norfolk constitute damages as to which she is entitled to be repaid by Norfolk, and that the judgment of the Boston Municipal Court is not permitted by law. This is <u>precisely</u> the kind of cynical self contradiction that the doctrine of judicial estoppel precludes. And it is particularly offensive here. The plaintiff made use of a credit account and then refused to pay her bill. When the owner of the debt was forced to pursue collection activities, she <u>conceded her liability</u> and agreed to the entry of judgment. She then reneged on her promise to pay and ignored the judgment. Now, in a naked attempt to avoid her <u>acknowledged</u> obligation, the plaintiff is attempting to disclaim statements and conduct that the Boston Municipal Court and Norfolk relied on in good faith. She cannot do so.

B.   The Doctrine of Res Judicata Bars Also this Action.

Res judicata is a generic term for doctrines (claim and issue preclusion) pursuant to which a judgment in one action has preclusive affect in another action. Res judicata serves the interests of economy, efficiency, and finality by ensuring that judgments are conclusive, and by preventing relitigation of issues that were <u>or could have been raised</u> in the original, preclusive, action. See generally Allen v. McCurry, 449 U.S. 90, 94(1980); Heacock v. Heacock, 402 Mass. 21, 23 (1988); Bagley v. Moxley, 407 Mass. 633, 636-637 (1990). "[R]es judicata...and Rooker-Feldman" are separate doctrines, [but] they have a "close affinity" to one another. "Rooker-Feldman is broader than claim and issue preclusion because it does not depend on a final judgment on the merits. Aside from this distinction, the doctrines are extremely similar." Sheehan, 207 F.3d at 40 n.5 (quoting Charchenko v. City of Stillwater, 47 F.3d 981, 983 n.1 (8th Cir. 1995)).

Here, whether analyzed under the rules of claims or issue preclusion, for the same essential reasons as the Rooker-Feldman doctrine, res judicata applies and bars this suit. As

7

described above, by this action the plaintiff is challenging and seeking effectively to nullify the judgment of the Boston Municipal Court. Rather than filing this suit now, the plaintiff should have asserted any and all claims and defenses she considered available to her -- including those presented in this suit -- as a counterclaim in response to Norfolk's suit in the Boston Municipal Court. She had the right and the opportunity to do so. See Boat Maintenance & Repair Co., 15 Mass. App. Ct. at 330-333 15 U.S.C. § 1692K(d). And she should have done so given the necessary relationship between Norfolk's claims and the plaintiff's claims. Because she did not, and because a final judgment entered in state court, she is now barred. See and compare Brady v. Nynex, 1997 Mass. Super. LEXIS 438 (Worc. Sup. April 8, 1997); Adair v. Sherman, 1999 WL 117754 (N.D. Ill. 1999); Baldwin v. McCalla, Raymer, Padrick, Cobb, & Clark, LLC, 1999 WL 284788 (N.D. Ill. 1999); Christian v. M&R Collection Adjustments, Inc., 307 S.E. 2d 167, 523 Ga. App. 712 (1983).

III.   IN ANY EVENT, THE DEFENDANTS ARE ENTITLED TO PARTIAL SUMMARY JUDGMENT ON LIMITATIONS PERIOD GROUNDS WITH RESPECT TO THE SEPTEMBER 3, 2003 DEMAND.

The plaintiff alleges that the demand letter sent to by Norfolk on September 3, 2003 was deceptive and misleading in violation of the FDCPA. The FDCPA creates a one-year limitations period within which suits alleging violations of the statute must be brought. 15 U.S.C. § 1692K(d). This requirement is jurisdictional, and there is no discovery-type tolling rule. Mattson v. U.S. West Communications, Inc., 967 F.2d 259, 262 (8th Cir. 1992); Friedman v. HHL Fin. Serv., Inc., 1993 WL 286487 (N.D. Cal. 1993); Zhang v. Haven-Scott Assoc., Inc., 1996 WL 355344 (E.D. Pa. 1996); Morgovsky v. Creditors Collection Service, 1995 WL 316970 (N.D. Cal. 1995); Chisolm v. Charlie Falk Auto Wholesalers, Inc., 851 F. Supp. 739, 749 (E.D. Va. 1994); Holder v. GMC, 732 N.Y.S. 2d 545 (N.Y. Sup. Ct. 2001). The plaintiff did not file

her suit until October 8, 2004, over a year and one month after Norfolk issued its September 3 demand. Accordingly, any claims or requests for relief based on that demand are time barred.

IV.  IN ANY EVENT, GOLDSTONE CANNOT BE INDIVIDUALLY LIABLE.

The complaint articulates no basis for claims against Daniel Goldstone individually and, on the undisputed facts, there is no reason for claims against Goldstone personally. Norfolk is incorporated. It caused the issuance of the letters that the plaintiff now challenges. It filed the suit and obtained the judgment that the plaintiff seeks to trump. It was represented at the January 8, 2004 hearing in which the plaintiff agreed to the entry of judgment by counsel other than Goldstone. (O'Connor Aff. ¶ 2) There is no basis for claims against Goldstone separate from claims against Norfolk.

## CONCLUSION

For all the foregoing reasons, this action should be dismissed in its entirety. Alternatively, the defendants should be granted summary judgment dismissing all claims.

NORFOLK FINANCIAL CORPORATION and
DANIEL W. GOLDSTONE

By their attorney,

_____
John J. O'Connor
BBO # 555251
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

Dated: November 23, 2004
PABOS2:JOCONNO:601671_1

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a copy of the attached Memorandum in Support of Defendants' Motion to Dismiss by first class mail on the following:

>Yvonne W. Rosmarin, Esq.
>58 Medford Street
>Arlington, MA  02474

Dated: November 23, 2004

_____
John J. O'Connor