UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA FLINT EDGE<br>  Plaintiff<br><br>v.<br><br>NORFOLK FINANCIAL CORPOATION<br>and DANIEL W. GOLDSTONE<br>  Defendant | CIVIL ACTION NO. 04-12134 DPW |

### DEFENDANTS' ANSWER

The defendants Norfolk Financial Corporation and Daniel W. Goldstone answer the complaint as follows:

### INTRODUCTION

1.  This paragraph states a conclusion of law to which no answer is required. To the extent that a further answer is required, the allegations in this paragraph are denied.

### JURISDICTION

2.  The allegations in this paragraph are denied.

### PARTIES

3.  The allegations in this paragraph are admitted.

4.  Norfolk Financial admits that it is a Massachusetts corporation with a principal place of business in West Roxbury, Massachusetts. The remaining allegations in this paragraph are denied.

5.  The allegations in this paragraph are denied.

6.  The allegations in this paragraph are denied.

7. The allegations in this paragraph are denied.

8. The allegations in this paragraph are denied.

9. The allegations in this paragraph are denied.

## FACTUAL ALLEGATIONS

10. The defendant Norfolk admits mailing a letter that speaks for itself. To the extent that a further answer is required, the allegations in this paragraph are denied.

11. The defendant Norfolk admits mailing a letter that speaks for itself. To the extent that a further answer is required, the allegations in this paragraph are denied.

12. The defendant Norfolk admits mailing a letter that speaks for itself. To the extent that a further answer is required, the allegations in this paragraph are denied.

13. The defendant Norfolk admits mailing a letter that speaks for itself. To the extent that a further answer is required, the allegations in this paragraph are denied.

14. The defendant Norfolk admits mailing a letter that speaks for itself. To the extent that a further answer is required, the allegations in this paragraph are denied.

15. The defendant Norfolk admits mailing a letter that speaks for itself. To the extent that a further answer is required, the allegations in this paragraph are denied.

16. The defendant Norfolk admits mailing a letter that speaks for itself. To the extent that a further answer is required, the allegations in this paragraph are denied.

17. The defendant Norfolk admits mailing a letter that speaks for itself. To the extent that a further answer is required, the allegations in this paragraph are denied.

18. The defendant Norfolk admits mailing a letter that speaks for itself. To the extent that a further answer is required, the allegations in this paragraph are denied.

19. The defendant Norfolk admits mailing a letter that speaks for itself. To the extent that a further answer is required, the allegations in this paragraph are denied.

20. The defendant Norfolk admits mailing a letter that speaks for itself. To the extent that a further answer is required, the allegations in this paragraph are denied.

21. The defendant Norfolk admits mailing a letter that speaks for itself. To the extent that a further answer is required, the allegations in this paragraph are denied.

22. The defendant Norfolk admits mailing a letter that speaks for itself. To the extent that a further answer is required, the allegations in this paragraph are denied.

23. The defendant Norfolk admits mailing a letter that speaks for itself. To the extent that a further answer is required, the allegations in this paragraph are denied.

24. The defendant Norfolk admits mailing a letter that speaks for itself. To the extent that a further answer is required, the allegations in this paragraph are denied.

25. The defendant Norfolk admits mailing a letter that speaks for itself. To the extent that a further answer is required, the allegations in this paragraph are denied.

26. The defendant Norfolk admits mailing a letter that speaks for itself. To the extent that a further answer is required, the allegations in this paragraph are denied.

27. The defendant Norfolk admits mailing a letter that speaks for itself. To the extent that a further answer is required, the allegations in this paragraph are denied.

28. The defendant Norfolk admits mailing a letter that speaks for itself. To the extent that a further answer is required, the allegations in this paragraph are denied.

29. The defendant Norfolk admits mailing a letter that speaks for itself. To the extent that a further answer is required, the allegations in this paragraph are denied.

30. The defendant Norfolk admits mailing a letter that speaks for itself. To the extent that a further answer is required, the allegations in this paragraph are denied.

31. The defendant Norfolk admits mailing a letter that speaks for itself. To the extent that a further answer is required, the allegations in this paragraph are denied.

32. The defendant Norfolk admits mailing a letter that speaks for itself. To the extent that a further answer is required, the allegations in this paragraph are denied.

33. The allegations in this paragraph are admitted.

## CAUSE OF ACTION

34. The defendants incorporate the preceding answers.

35. The allegations in this paragraph are denied.

## PLAINTIFF'S DAMAGES

36. The allegations in this paragraph are denied.

37. The allegations in this paragraph are denied.

38. The allegations in this paragraph are denied.

39. The allegations in this paragraph are denied.

## AFFIRMATIVE DEFENSES

### First

This action is barred by the Rooker-Feldman Doctrine.

### Second

This Court lacks jurisdiction.

### Third

The complaint fails to state a cause of action upon which relief can be granted.

## Fourth

This action is barred due to the failure of service of process and the insufficiency of process.

## Fifth

This action is barred by the expiration of the applicable limitations period.

## Sixth

This action is barred by the doctrines of Res Judicata, collateral estoppel, claim preclusion, and issue preclusion.

## Seventh

This action is barred by various doctrines of estoppel, including judicial estoppel.

## Eighth

The defendants and their actions are not covered by the Fair Debt Collection Practices Act ("FDCPA").

## Ninth

This action is an improper attempt to obtain federal review and reversal of the judgment of the Boston Municipal Court.

## Tenth

The defendants are not creditors or debt collectors within the meaning of the FDCPA.

## Eleventh

The defendants were not attempting to collect a debt within the meaning of the FDCPA.

## Twelfth

Any possible violations of the FDCPA were unintentional and resulted from a bona fide error.

## Thirteenth

The plaintiff has suffered no damages.

## Fourteenth

The plaintiff is entitled to no statutory damages.

## Fifteenth

The plaintiff is entitled to no attorneys' fees.

## Sixteenth

This action is barred and should be dismissed for all reasons given in the Defendants' Motion to Dismiss Or, Alternatively, For Summary Judgment, and given in the defendants' memorandum in support of that Motion.

The defendants request that the court enter judgment for the defendants dismissing this action in its entirety and awarding to the defendants their attorneys' fees and costs.

NORFOLK FINANCIAL CORPORATION and
DANIEL W. GOLDSTONE

By their attorney,

*/s/ John J. O'Connor*
John J. O'Connor
BBO # 555251
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

Dated: November 29, 2004
PABOS2:JOCONNO:601360_1

6

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a copy of the attached Defendants' Answer by first class mail on the following:

Yvonne W. Rosmarin, Esq.
58 Medford Street
Arlington, MA  02474

Dated: November 29, 2004         _____
                                  John J. O'Connor

by paying $1,080.99 on or before March 1, 2004. Also, judgment entered on Norfolk's complaint in the amount of $1,704.20.

5. The plaintiff never paid the $1,080.99.

6. The plaintiff never paid the $1,704.20 judgment.

7. The plaintiff did not appeal.

8. The Court issued an execution in the amount of $1,704.20 on January 29, 2004.

9. On March 1, 2004, the plaintiff called Norfolk, said she could not pay the agreed settlement amount, but promised to pay $40 monthly until the judgment was paid in full. She made no such payments.

10. The plaintiff never disputed her liability or her obligation to pay, and she never suggested in any way that she considered the correspondence from Norfolk misleading or otherwise problematic.

11. The plaintiff's account remains in arrears. The Boston Municipal Court judgment remains outstanding and unsatisfied.

Signed and sworn under the pains and penalties of perjury this 23rd day of November, 2004.

_____
Daniel W. Goldstone

2