IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA FLINT EDGE, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No.  04-12134  DPW |
| ) | |
| NORFOLK FINANCIAL CORPORATION ) | |
| and DANIEL W. GOLDSTONE, ) | |
|     Defendants. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
ASSENTED -TO MOTION TO SUPPLEMENT THE RECORD**

Plaintiff submits this Response to Defendants' Assented-to Motion to Supplement the Record to clarify that Plaintiff's assent thereto was merely to submission of the additional documents, which Plaintiff continues to maintain are completely irrelevant to the issues involved in Defendants' underlying Motion to Dismiss or, Alternatively, for Summary Judgment.

As stated in Plaintiff's previously filed opposition to Defendant's motion, this case does not involve the amount of the underlying debt or the small claims court judgment obtained thereon. Plaintiff's case instead involves issues of misrepresentations, false and misleading statements and incomplete information in Defendants' communications to Plaintiff entirely outside the small claims court lawsuit.  Since the judgment in the small claims case are irrelevant to the issues here, it is difficult to see how one could draw any inferences from Plaintiff's motion to vacate that judgment, other than she did not want to have a judgment for $1,7047.70 against her that Defendants might try to collect.[1]

---

[1] Defendants' typical method of collection of its vast number of small claims judgments is to obtain a writ of execution, then hire a company to use that writ to seize judgment debtors' vehicles and hold them until the judgment debtors pay both all or part of the debt as well as "constable" and towing fees in amounts hundreds of dollars in excess of statutorily authorized fees. Although these issues are not before the Court in the instant case, Defendants' attachments to their Motion to Dismiss or, Alternatively, for Summary Judgment reflect that Defendants had already obtained a writ of execution against Plaintiff in the small claims case and were poised to collect. O'Connor Aff. Exhs. A and B.

Defendants' motion invokes the Rooker-Feldman doctrine, citing the United States Supreme Court's recent case, *Exxon Mobil Corp., et al v. Saudi Basic Industries Corp.*, __ U.S. __, 125 S. Ct. 1517 (2005), only the third decision of the Supreme Court to directly address this doctrine it created and interpreting that doctrine much more narrowly than many lower courts had been applying it. The Court in *Exxon Mobil* "confined" the Rooker-Feldman doctrine to cases in federal court literally seeking review of state court judgments. The quotation Defendants chose in paragraph 2 of their motion demonstrates *exactly* why the Rooker-Feldman doctrine is inapplicable to this case – Plaintiff is not "complaining of injuries *caused by* [the] state-court judgment[]" and is not "inviting district court review and rejection of [the judgment]." [Emphasis supplied.] The mere fact that she is a "state-court loser" on one issue in another court is irrelevant to her lawsuit here, not based on that issue.

The Supreme Court in *Exxon Mobil* stated that "If a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . ., then there is jurisdiction . . . .' GASH Assocs. v. Village of Rosemont, 995 F. 2d 726, 728 (CA7 1993; accord Noel v. Hall, 341 F. 3d 1148,1163-64 (CA9 2003). " Plaintiff's claims here do not even attempt to deny any legal conclusion of the state small claims court. Her claims do not involve any aspect of the small claims court case.

The small claims court's denial of Plaintiff's motion also provides Defendants with no additional bases for their estoppel and preclusion arguments. No issues were actually ever adjudicated in the original small claims action, as the parties settled the matter prior to any trial on the merits (even though Plaintiff did not understand that the settlement involved a judgment), and the small claims court's denial of Plaintiff's motion provides no basis for the court's ruling, either substantive or procedural.

Finally, Defendants' motion to supplement the record claims that Plaintiff's attempt to vacate

2

the small claims judgment is somehow contradictory to her position in this case. Since Defendants fail to specify where the supposed contradictions lie, Plaintiff can only point out that, to the extent that any of her *statements* in her motion to vacate the small claims judgment are relevant to any issue here (since neither the fact of her motion to vacate, nor the small claims court's bare denial of her motion, nor the underlying judgment itself are relevant), they are entirely consistent with her affidavit and her position in this case.

<div style="margin-left: 50%;">

Respectfully submitted,
Attorney for the Plaintiff

s/Yvonne W. Rosmarin
Yvonne W. Rosmarin  BBO #566428
Law Office of Yvonne W. Rosmarin
58 Medford Street
Arlington, MA 02474
781-648-4040

</div>