UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

LINDA FLINT EDGE,
        Plaintiff,

v.

NORFOLK FINANCIAL CORPORATION
and DANIEL W. GOLDSTONE,
        Defendants.

CIVIL ACTION NO. 04-12134 DPW

**DEFENDANTS' ASSENTED-TO MOTION FOR LEAVE
TO SUPPLEMENT THE RECORD**

Pursuant to the applicable rules of procedure and this Court's inherent authority to regulate matters before it, and with the plaintiff's assent, the defendants Norfolk Financial Corp. and Daniel Goldstone (collectively "Norfolk") move for leave to submit two additional exhibits in support of their pending motion to dismiss/for summary judgment. The exhibits are a motion filed by the plaintiff in the Boston Municipal Court ("BMC") and the BMC's order on the motion. Both documents are attached to this Motion as Exhibit A. In support of this Motion, Norfolk states as follows:

1. After the plaintiff commenced this action, Norfolk filed its pending motion to dismiss/for summary judgment arguing that the action was barred by (among other principles) the Rooker-Feldman and judicial estoppel doctrines, because the plaintiff in this suit is effectively seeking review of a prior final judgment of the BMC. Shortly after receiving the defendants' motion, the plaintiff returned to the BMC and filed a motion to vacate that Court's judgment. In her new motion the plaintiff changed her position as to the matter yet again. After a hearing, the BMC denied the motion. See Exhibit A.

2. The plaintiff's motion to vacate the BMC judgment and the Court's denial are relevant now and appropriately made part of this Court's record. The motion is at least an

implicit admission (made in response to Norfolk's motion here) that the claims here are inextricably intertwined with the BMC's decision. The motion and order are also indicative of the extreme lengths of self-contradiction to which the plaintiff will go in an attempt to maintain her various positions and proceedings. In these circumstances, the Rooker-Feldman and judicial estoppel doctrines (in particular) require dismissal. E.g., Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 125 S.Ct. 1517 (2005) (Rooker-Feldman applies to "cases brought by the state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review...."); Epps v. Creditnet, Inc., 320 F. 3d 756, 758-761 (7th Cir. 2003); Ellis v. CAC Financial Corp., 2001 U.S. App. Lexis 4961 (10th Cir. 2001); Squirek v. Sessions & Rogers, P.A., 2003 U.S. Dist. Lexis 7760 (M.D. N.C. 2003); Bullock v. Credit Bureau of Greater Indianapolis, Inc., 272 F. Supp. 2d 780, 782-784 (S.D. Ind. 2003); Otis v. Arbella Mutual Ins. Co., SJC No. 9273; 2005 Mass. Lexis 101 (2005).

3. Additionally, the supplemental materials are relevant and will assist this Court by clarifying the larger context out of which the defendants' motion arises. Submission of these materials will not prejudice the plaintiff, who has assented to their filing.

For all the foregoing reasons, the Defendants' Assented-To Motion For Leave To Supplement the Record should be granted.

                                                 NORFOLK FINANCIAL CORPORATION and
                                                 DANIEL W. GOLDSTONE

                                                 By their attorney,

                                                 /s/ John J. O'Connor
                                                 John J. O'Connor
                                                 BBO # 555251
                                                 PEABODY & ARNOLD LLP
                                                 30 Rowes Wharf
                                                 Boston, MA 02110
                                                 (617) 951-2100

Dated: May 2, 2005.

## Local Rule 7.1 Certification

I, John J. O'Connor, certify that I spoke with plaintiff's counsel Yvonne Rosmarin in compliance with Local Rule 7.1, and that she has assented to the submission of the attached materials.

_____
John J. O'Connor

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a copy of the attached Affidavit by first class mail on the following:

    Yvonne W. Rosmarin, Esq.
    58 Medford Street
    Arlington, MA  02474

Dated: May 2, 2005

_____
John J. O'Connor

613594

Case 1:04-cv-12134-DPW    Document 25    Filed 05/02/2005    Page 5 of 7

03009352
X117

BOSTON MUNICIPAL COURT
SMALL CLAIMS DIVISION
90 DEVONSHIRE STREET RM. # 1120
BOSTON, MA. 02109

## MOTION    #03SC2531

Norfolk Financial Corp VS Linda M. Flint
PLAINTIFF                    DEFENDANT

MOTION: _____ TO REMOVE DEFAULT
        ✓    TO VACATE JUDGMENT
        _____ TO REMOVE DISMISSAL
        _____ TO APPEAL LATE
        _____ OTHER: _____

JAN 07'05 PM 12:54 BMCSC

YOUR MOTION SHOULD INCLUDE BRIEFLY: WHY YOU DID NOT APPEAR ON DATE AND WHAT YOUR DEFENSE IS IN THIS MATTER.

I didn't know that a judgement was being entered against me. I thought I was only agreeing to make a payment and that if the payment wasn't made I thought the case would get continued until a later date, not that a judgement would be entered. I don't believe I owe this amount to the plaintiff.

The above Motion is scheduled for  1/25/05  AT  2:00 P.M.
Court Room # 17.  NOTICE!  IF MOTION IS ALLOWED ON THE ABOVE DATE, A HEARING ON THE MERITS WILL BE CONDUCTED FORTHWITH.

NOTICE MAILED TO: Norfolk Financial Corp (NAME)
(PLAINTIFF OR
PLAINTIFF'S ATTORNEYS  208 VFW Parkway #201 (ADDRESS)
NAME AND ADDRESS)
West Roxbury, MA 02132

NOTICE MAILED BY: Linda M. Flint Edgs (NAME)
(DEFENDANT'S
NAME AND ADDRESS)  38 Julian St. #1 (ADDRESS)
Dorchester, MA 02125

# Commonwealth of Massachusetts

TRIAL COURT OF THE COMMONWEALTH
BOSTON MUNICIPAL COURT DEPARTMENT - CIVIL BUSINESS DIVISION
1006 U.S. POST OFFICE & COURTHOUSE
90 DEVONSHIRE STREET
BOSTON, MASSACHUSETTS 02109-4501

SUFFOLK, SS.

Docket No. **2003 01 SC 007531**

To: ~~DANIEL WARD GOLDSTONE~~
~~Norfolk Financial Corporation~~
~~1208 VFW Parkway~~
~~Suite 201~~
~~WEST ROXBURY, MA 02132~~

Re: *Norfolk Financial Corp vs. Linda M Flint*

## NOTICE OF DOCKET ENTRY

You are hereby notified that on 02/18/2005 the following entry was made on the above referenced docket:

**After further consideration and review, Defendant motion to vacate judgment is denied. K F Callahan, A/CM**

*Daniel J. Hogan*
CLERK / MAGISTRATE

cvdgeneric 8.00 swf

KFC