IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA FLINT EDGE,              ) | |
|     Plaintiff,              ) | |
| ) | |
| v.              ) | No.   04-12134  DPW |
| ) | |
| NORFOLK FINANCIAL CORPORATION ) | |
| and DANIEL W. GOLDSTONE,              ) | |
|     Defendants.              ) | |

### DECLARATION OF YVONNE W. ROSMARIN

Yvonne W. Rosmarin declares under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. §1746, that the following statements are true and correct:

    1.    I have been admitted to practice before the Illinois Supreme Court and the U.S. District Court for the Northern District of Illinois since 1976 and the Seventh Circuit Court of Appeals since 1977. I have been admitted to practice before the Massachusetts Supreme Judicial Court since 1994 and the U.S. District Court for the District of Massachusetts and the First Circuit Court of Appeals since 1995. I am also a member of the Northern District of Illinois trial bar, and was admitted to practice before the Colorado Supreme Court in 1997. I am a member in good standing of the bars of all of the jurisdictions in which I have been admitted.

    2.    I graduated from Syracuse University College of Law with a J.D. degree, *magna cum laude* in 1976 and from the Ohio State University with a B.A degree, *cum laude* in 1972.

    3.    From 1988 to 1995 I was a staff attorney with the National Consumer Law Center (NCLC) in Boston. My primary function was to provide litigation assistance, case assistance and training in consumer law to legal services and private attorneys around the country. I prepared written

materials for and trained legal services and private attorneys in consumer law at numerous conferences. At NCLC I specialized in class actions, sales and warranties, lemon law and repossessions. From 1978 to 1988 I was a staff attorney with the Legal Assistance Foundation of Chicago, where I specialized in consumer litigation and had primary responsibility for the prosecution of several consumer class actions. From 1976 to 1977 I clerked for the Honorable Luther M. Swygert of the U.S. Court of Appeals for the Seventh Circuit.

4. Since September 1995 I have been in private practice in Arlington, Massachusetts. My practice is limited to consumer protection, and virtually all of my practice has involved litigation on behalf of consumers, representing individuals and classes injured by abusive debt collection practices, illegal credit reporting practices, unfair consumer credit practices, automobile fraud and defects and other unfair and deceptive business practices.

5. I am a coauthor of Rosmarin & Edelman, Consumer Class Actions, National Consumer Law Center (2d ed. 1990 and 3d ed. 1995), coauthor of Rosmarin & Sheldon, Sales of Goods and Services, National Consumer Law Center (2d ed. 1989), contributing author of Repossessions and Foreclosures, National Consumer Law Center (3d ed. 1995), author of *Consumers-R-Us*: A Reality in the Article 2 Revision Process, 35 Wm. & Mary L. Rev. 1593 (1994), *Revising Article 2: Consumer Protections Needed in Sales of Goods,* 28 Clearinghouse Review 1173 (1995) and *Stopping Defaults with Late Payments*, 26 Clearinghouse Review 154 (1992). I was co-author of NCLC REPORTS *Deceptive Practices and Warranties Edition* (1989-1995) and NCLC REPORTS *Debt Collection and Repossessions Edition* (1989-1995). I authored Model Pre-Need Funeral Legislation and a Model Manufactured Home Warranty for the American Association of Retired Persons (AARP) in 1993 and 1992, respectively.

6. I am a member of the American Law Institute (ALI). Beginning in 1992, I was an official Observer, representing the interests of low income consumers, participating in the national redraft of the Uniform Commercial Code Article 2 and Article 9 by the National Conference of Commissioners on Uniform State Laws (NCCUSL) and the ALI jointly. Since 1996 I have been a Consumer Law Fellow to the Uniform Commercial Code Committee of the Business Law Section of the American Bar Association.

7. I have written and spoken extensively on various areas of consumer law and consumer class actions before the American Bar Association Section of Business Law, Massachusetts Continuing Legal Education, Inc., the Boston Bar Association Solo and Small Firm Section, the South Carolina Bar Consumer Law Section and at National Consumer Rights Litigation Conferences, the national Joint Conference on Law and Aging and the National Legal Aid and Defender Association (NLADA) Substantive Law Conferences. I have prepared written materials for and conducted numerous training sessions and seminars for legal services and private lawyers on class actions and in other areas of consumer law and litigation, including:

*Consumer Fair Debt Collection, Fair Credit Reporting and Auto Fraud and Warranty Rights*, U.S. Air Force Judge Advocate General's Corps, October 2003

*Living with Revised UCC Article 9*, Seminar, Massachusetts Continuing Legal Education, Inc., December 2001

*Preparing for Revised UCC Article 9*, Seminar, Massachusetts Continuing Legal Education, Inc., June 2001

*UCC Articles 2 & 2A — Sales and Leasing of Goods*, Seminar, Massachusetts Continuing Legal Education, Inc., November 2000

*UCC Article 9 in 2001: Are You Ready?*, Seminar, Suffolk University Law School Advanced Legal Studies, November 2000

*Preparing for Revised UCC Article 9*, Seminar, Massachusetts Continuing Legal Education, Inc., November 2000

*If You Are Going to Dabble, Do It Right* (consumer law section), Seminar, Boston Bar Association Solo and Small Firms Section, June 1998

*The New Article 2 – How It Will Work in Practice*, Program, American Bar Association Section of Business Law 1997 Spring Meeting, Boston, Massachusetts

*UCC Article 2A: Personal Property Leasing*, Seminar, Massachusetts Continuing Legal Education, Inc., January 1997

*Attorney's Fees in and Around the UCC*, Program, Section of Business Law Uniform Commercial Code Committee Litigation Subcommittee, American Bar Association 1995 Annual Meeting, Chicago, Illinois

*The Twain Shall Meet: Balancing Consumer Concerns and Business Interests Under the UCC* , Program, American Bar Association Section of Business Law 1992 Spring Meeting, Orlando, Florida

*Automobile Warranty Cases: Litigation Approaches*, Seminar, National Consumer Rights Litigation Conference, October 1994, Boston, Massachusetts

*Defending Hospital and Doctor Debt Collection Suits*, Seminar, Joint Conference on Law and Aging, October 1993, Washington, D.C.

*Lemon Car Cases on a Contingent Fee*, Seminar, National Consumer Rights Litigation Conference, October 1993, Chicago, Illinois

*Class Action Lawsuits*, Program, South Carolina Bar Consumer Law Section Meeting, June 1992, Asheville, North Carolina

*Unfair and Deceptive Acts and Practices Claims*, Seminar, National Consumer Rights Litigation Conference, October 1992, Boston, Massachusetts

*Warranties; Repossessions; Hospital Collection Defenses*, Training Program, National Legal Aid and Defender Association Substantive Law Conference, August 1991, Berkeley, California

*Warranties; Repossessions*, Training Program, National Legal Aid and Defender Association Substantive Law Conference, August 1989, Berkeley, California

*Basic Consumer Law*, Training Program, New Mexico Legal Services Support Project and

Western Regional Training Center, March 1994, Albuquerque, New Mexico

*Basic Consumer Law*, Training Program, Nevada Legal Services, Utah Legal Services and Western Regional Training Center, March 1994, Las Vegas, Nevada

*Basic Consumer Law*, Training Program, Arizona Statewide Legal Services Project and Western Regional Training Center, May 1994, Phoenix, Arizona

*Basic Consumer Law*, Training Program, Colorado Coalition of Legal Services Programs and Western Regional Training Center, May 1994, Denver, Colorado

*Basic Consumer Law*, Training Program, Legal Aid of Western Oklahoma and Western Regional Training Center, February 1993, Oklahoma City, Oklahoma

*Basic Consumer Law*, Training Program, Utah Legal Services and Western Regional Training Center, February 1993, Salt Lake City, Utah

*Basic Consumer Law*, Training Program, Colorado Coalition of Legal Services Programs and Western Regional Training Center, August 1992, Estes Park, Colorado

*Basic Consumer Law*, Training Program, New Mexico Legal Services Support Project and Western Regional Training Center, August 1992, Albuquerque, New Mexico

*Basic Consumer Law*, Training Program, Arizona Statewide Legal Services Project and Western Regional Training Center, August 1992, Phoenix, Arizona

*Warranties in the Sale of Goods*, Seminar, North Essex Mediators, May 1992, Andover, Massachusetts

*Class Actions -- Working Up a Case*, Seminar, Texas Legal Services Center, October 1990, Dallas, Texas

*Consumer Law*, Training Program, Legal Services of New Jersey, Inc., September 1990, Newark, New Jersey

*Consumer Law*, Training Program, 1115 Legal Service Care, February 1989, New York, New York

*Strategies for Dealing with Automobile Cases*, Seminar, Florida Legal Services, October 1988, Orlando, Florida

8.      I have litigated or am litigating the following cases, most of which are consumer law

5

cases, which represent only a portion of my relevant experience: *Barnes, et al. v. Fleet National Bank*, 370 F. 3d 164 (1st Cir. 2004), (Truth in Savings Act class action; preliminary approval recently granted on $12.5 million settlement after remand); *Brady v. The Credit Recovery Company, Inc.,* 160 F. 3d 64 (1st Cir.1998) (FDCPA);  *Martin, et al. v. Sands, et al.*, 62 F. Supp. 2d 196 (D. Mass. 1999) (FDCPA class action)*; Rosales, et al. v. National City Corp.,* Nos. 97-10097, 97-10098 and 97-10099 RCL (D. Mass.) (consolidated FDCPA class actions); *Ritter, et al. v. Durand Chevrolet, Inc., et al,* No. 96-10282 EFH (D. Mass.) (TILA class action); *McDonough, et al. v. Risk Management Alternatives, Inc.*, No. 03-12512 EFH (D. Mass.) (FDCPA class action); *Packard, et al. v. National Credit Management Corp.,* No. 97-12515 MLW (D. Mass.) (FDCPA class action); *Ornelas, et al. v. Safeway Insurance Company*, No. 88 C 3583 (N.D. Ill.) (RICO class action); *Pagan, et al. v. Combined Purchasing Association, Inc., et al.*, No. 84 L 4475 (Cook Co. Cir. Ct.) (consumer fraud class action); *Morales, et al. v. Chicago Acceptance Co., Inc.*, No. 80 C 1669 (N.D. Ill.) (FDCPA class action); *Parents in Action on Special Education (P.A.S.E), et al. v. Hannon et al.* No. 74 C 3586 (N.D. Ill.) (trial of class action); *National Boulevard Bank of Chicago v. Thompson*, No. 78-877 (Ill. App. Ct., 1st Dist.) (TILA); *Aronson Furniture Company v. Matos*, No. 77 M1 516527 (Cook Co. Cir. Ct.), appealed and consolidated, *sub nom*., *City-Wide Realty v. Fryer*, No. 78-843 (Ill. App. Ct., 1st Dist.); *Neal Osofsky v. Sears, Roebuck & Co.*, No. 03-11192 JLA (D. Mass.) (FCRA); *Osofsky v. Sears, Roebuck & Co.*, No. 96-18320 wch / Adv. Proc. No. 03-1356 (D. Mass. Bankruptcy Adversary Proceeding) (Mass. fair debt collection act); *Lane v. Cavalry Investments, LLC*, No. 03-12434  NG (D. Mass.) (FDCPA); *Deborah Osofsky v. Sears, Roebuck & Co.*, No. 03-12061 GAO (D. Mass.) (FCRA); *Allaby v. Danielle Automotive Group, Inc.*, No. 02-10251 NG (D. Mass.) (TILA, Odometer Act, fraud); *Montgomery v. North*

6

*Bay Auto Group, LLC*, No. 02-10145 RWZ (D. Mass.)(TILA, Odometer Act, fraud); *Sweezey v. Motorquest of Melrose, LLC.*, No. 02-10892 EFH (D. Mass.) (Odometer Act, fraud); *Buwembo v. Woburn Foreign Motors, Inc.*, No. 01-10796 NG (D. Mass.) (TILA, fraud); *Sheridan v. Chrysler Financial Corp., et al.*, No. 01-10305 PBS (D. Mass.) (Consumer Leasing Act, fraud); *Spence v. Rockland Federal Credit Union and Experian Information Solutions, Inc.,* No. 00-10329 GAO (D. Mass.)(FCRA); *Antonelli v. National Credit Services Corp.*, No. 00-12364 DPW (D. Mass.) (FDCPA); *Spence v. Surpas Resource Corp., et al.*, No.99-12115 RCL (D. Mass.)(FDCPA); *Edwards v. Greenwood Trust Co., et al.*, No. 97-12931 / Adv. Proc. No. 98-2204 (D. Mass. Bankruptcy Adversary Proceeding); *Allen v. Burr*, 99-40170 NMG (D. Mass.); *McCusker v. Optimum Credit Services, L.L.C., et al.* No. 97-30179 FHF (D. Mass.) (FDCPA); *Marchand v. A.M. Miller and Associates, Inc., et al.* No. 97-12141 NG (D. Mass.) (FDCPA); *Carey v. Pacific Creditors Association, et al.,* No. 97-40054 (D. Mass.); *Edwards v. G.C. Services*, No. 96-11734 JLT (D. Mass.); *Collier v. Norych and Tallis, et al.*, No. 97-11024 JLT (D. Mass.); *Grady v. Security Credit Systems, Inc., et al.,* No. 97-11590 MLW (D. Mass.); *Carey v. Chibos*, 97-40053 (D. Mass.) (FDCPA); *Ritter v. Windham Professionals, Inc.* No. 96-11057 MEL (D. Mass.); *Fisher v. Natick Auto Sales, Inc., et al.*, No. 96-11521 EFH (D. Mass.)(TILA, Magnuson-Moss Act, fraud); *Stoller v. Meade, et al.* No. 96-12514 JLT (D. Mass.) (FDCPA); *Viveiros v. Unifund Corporation, et al.* No. 96-12315 PBS (D. Mass.); *Rivera, et al v. Quality Sales, Inc., et al.*, No. 82 L 18544 (Cook Co. Cir. Ct.); *Henderson v. All American Aluminum & Construction Co.*, Nos. 86 L 16604 and 86 CH 4533 (Cook Co. Cir. Ct.) (consolidated) (TILA, consumer fraud); *Ramos v. Villaire*, No. 81 L 14212 (Cook Co. Cir. Ct.); *Reyes Perez v. Grand Spaulding Dodge, et al.*, No. 77 C 1180 (N.D. Ill.) (TILA); *Tyler v. Tran Motors, et al.*, No. 86 L 27746 (Cook Co. Cir. Ct.)

(consumer fraud); *Merchandise National Bank of Chicago v. Heard*, No. 86 L 24525 (Cook Co. Cir. Ct.); *Dominguez, et al. v. Arnie Yusim Chevrolet, Inc.*, No. 78 C 2615 (N.D. Ill.) (TILA); *Stelzer v. Cuevas*, No. 76 CH 6429 (Cook Co. Cir. Ct.) (TILA).

9. Reported decisions on some of the cases I have litigated may be found at: *Barnes v. Fleet National Bank*, 370 F. 3d 164 (1st Cir. 2004), *Brady v. The Credit Recovery Company, Inc.*, 160 F. 3d 64 (1st Cir. 1998); *Martin v. Sands*, 62 F. Supp. 2d 196 (D. Mass. 1999); *Ritter v. Durand Chevrolet*, 932 F. Supp. 32 (D. Mass. 1996) (motion to dismiss); *Ritter v. Durand Chevrolet*, 945 F. Supp. 381 (D. Mass. 1996) (motion for summary judgment); *National Boulevard Bank v. Thompson*, 85 Ill. App. 3d 1145; 407 N.E. 2d 739 (1st Dist. 1980); *City-Wide Realty v. Fryer*, 70 Ill. App. 3d 649; 388 N.E. 2d 980 (1st Dist. 1979); *Ornelas v. Safeway Insurance Co.*, 1989 U.S. Dist. LEXIS 15442.

10. I am a member of the National Association of Consumer Advocates, American Bar Association, Association of Trial Lawyers of America, and the Independent Lawyers Association.

11. I regularly keep and on this case have kept contemporaneous time records using Timeslips software, a computerized time and billing program. The computer program has generated the records and totals submitted by me in this case, which are the actual time spent working on this case, less a substantial amount of time that I have, in the exercise of billing judgment, deducted to account for any duplication of efforts, inefficiency and/or billing errors. The time submitted does not include non-legal tasks, such as filing and copying. The time submitted herewith has already been reduced by me approximately by 29%. My time records are attached to Plaintiff's Petition as Exhibit 2.

12. Few attorneys in Massachusetts are willing to accept consumer cases because of the special expertise required and the risk of nonpayment.

13. In the past, my clients who were billed hourly have paid $275.00 per hour. The fee in the instant case is a contingent one.

14. One year ago, on June 3, 2004, the Court awarded me attorney's fees on a motion to compel discovery in *Neal Osofsky v. Sears, Roebuck & Co.*, No. 03-11192 JLA. In so doing the Court found that the hourly rate sought at that time, $275.00, was not unreasonable, and that the amount of work performed was not unreasonable. A copy of this order is attached to Plaintiff's Petition as Exhibit 3.

15. I am familiar with the billing rates for lawyers in practice in the District of Massachusetts and in the greater Boston area and my hourly rate of $325.00 is reasonable and extremely modest for a lawyer with similar qualifications and experience doing the same or similar kinds of federal litigation in this area. Many of the cases I have litigated have been defended by some of the largest national, regional and local law firms. Also attached to Plaintiff's Petition, as Exhibits 4 and 5 are the Declarations of John Roddy and Edwin E. Smith in support of my hourly rate.

16. The attorney's fees requested in this case are reasonable and were necessary to litigation in this matter.


Executed at Arlington, Massachusetts on May 31, 2005

s/Yvonne W. Rosmarin
Yvonne W. Rosmarin