UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA FLINT EDGE,<br><br>         Plaintiff,<br><br>v.<br><br>NORFOLK FINANCIAL CORPORATION<br>and DANIEL W. GOLDSTONE,<br>         Defendants. | CIVIL ACTION NO. 04-12134 DPW |

## AFFIDAVIT OF JOHN J. O'CONNOR

I, John J. O'Connor, hereby depose under oath and state as follows:

1.  I am an attorney in good standing admitted to practice before the Bar of the Commonwealth of Massachusetts. I am counsel to the defendants Norfolk Financial Corporation ("Norfolk") and Daniel Goldstone.

2.  I represented a company called Commonwealth Receivables, Inc. ("Commonwealth") in connection with claims asserted in civil action numbered 04-10578 RCL, which was filed in this Court by the plaintiff Linda Flint Edge and Attorney Yvonne Rosmarin in March, 2004. I have first-hand knowledge concerning that action and its settlement.

3.  A true and accurate copy of the Complaint filed by the plaintiff/Rosmarin in the Commonwealth action is attached to this affidavit as Exhibit A.

4.  As part of the settlement of the Commonwealth action, the plaintiff in August 2004 received a payment of $6,500, which included a fee for Rosmarin.

5.  The Complaint filed by the plaintiff/Rosmarin in the instant action is in the same format as the prior Commonwealth complaint, contains many of the same essential allegations, and manifestly was based on the earlier Commonwealth complaint.

6. No later than early January 2005, I discussed this suit with Attorney Rosmarin. In an effort to initiate a dialogue concerning settlement, I proposed that the parties drop their respective claims against each other. (At that time, Norfolk held a judgment against the plaintiff that was worth almost $2,000. For her part, the plaintiff had unliquidated claims that were subject to a motion to dismiss.) I did not offer fees at that time, but neither did I indicate that my clients would not pay a fee for Rosmarin. I asked Rosmarin to relay the offer to her client. She never responded.

7. At the time that I made that proposal, I was prepared to recommend to my clients that they make a payment in the nature of a reasonable fee in addition to dropping the outstanding judgment against the plaintiff. I was prepared to make this recommendation not because there was any merit to the plaintiff's claims, but so as to help my clients avoid incurring comparatively significant legal fees in responding to a nuisance suit.

8. If Rosmarin had countered in response to our introductory settlement offer by asking for dismissal of the judgment against the plaintiff and payment of a reasonable fee, I would have recommended that my clients accept that offer and resolve both matters on those terms. But Rosmarin never countered.

9. After the May 4 hearing before this Court, Rosmarin and I discussed discovery. I told her that I already had produced all discoverable documents my clients possessed. The plaintiff has never served and I have never received any discovery requests in this case.

10. I have been a member of the Massachusetts bar since 1989 and a member of the Maine bar since 1999. I served as Clerk to Chief Justice Christopher J. Armstrong of the Massachusetts Appeals Court for the 1989-1990 court year, and as Clerk to Justice John Greaney of the Massachusetts Supreme Judicial Court for the 1990-1991 court year  Since 1991 I have been in private practice with Peabody & Arnold. I have been a partner since 1998. I have tried cases in state and federal court; I have tried cases in Massachusetts and in Maine. I have briefed

2

and/or argued appeals in the Massachusetts Appeals Court, the Massachusetts Supreme Judicial Court, the United States Court of Appeals for the First Circuit, the United States Court of Appeals for the Second Circuit, the United States Court of Appeals for the Fifth Circuit, and the United States Supreme Court. I have published articles in legal periodicals. I have served as instructor (for two years) at the Boston University School of Law.

11. Peabody & Arnold maintains a general litigation practice. My practice includes representation of companies like Norfolk and Commonwealth, representation of companies and individuals in business disputes, representation of professionals in professional liability matters, representation of employees and employers in employment matters, and representation of plaintiffs and defendants in personal injury actions. On nearly all such matters I am paid on an hourly basis by my clients. I am familiar with the rates that Boston attorneys charge and collect for such work.

12. My hourly billing rate for this case is $175.00. My average billing rate for the period July 1, 2005 through the present is $218.75. The average billing rate for all of the twenty-two partners of Peabody & Arnold for the period January 1, 2005 through the present is $237.30.

13. In my opinion, the hourly rate of $325.00 proposed by Attorney Rosmarin is grossly excessive. In light of the nature of this litigation, Rosmarin's experience and skill level, the results of the litigation, and prevailing legal rates at my firm and in Boston, any rate over $175 per hour is unreasonable.

14. Through May 31, 2005, I spent 43.6 hours defending this suit.

Signed and sworn under the pains and penalties of perjury this 14TH day of June, 2005.

_____
John J. O'Connor

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a copy of the attached Affidavit by first class mail on the following:

> Yvonne W. Rosmarin, Esq.
> 58 Medford Street
> Arlington, MA 02474

Dated: June 14, 2005

_____
John J. O'Connor

616571

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

04 10578 RCL

| | |
|---|---|
| LINDA FLINT EDGE,<br>Plaintiff,<br><br>v.<br><br>COMMONWEALTH RECEIVABLES, INC.<br>and CHAD E. GOLDSTONE,<br>Defendants. | MAGISTRATE JUDGE _____<br><br>RECEIPT # _____<br>AMOUNT $ 150<br>SUMMONS ISSUED YES<br>LOCAL RULE 4.1 _____<br>WAIVER FORM _____<br>MCF ISSUED _____<br>BY DPTY. CLK. _____<br>DATE _____ |

## COMPLAINT

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

### PARTIES

3. Plaintiff, Linda Flint Edge, is a natural person residing in Boston, Massachusetts.

4. Defendant Commonwealth Receivables, Inc. (hereafter "Commonwealth") is a Massachusetts corporation with a place of business at 45A Flanagan Drive, Framingham, Massachusetts, and is engaged in the business of collecting debts in Massachusetts.

5. Commonwealth regularly attempts to collect debts alleged to be due another and is a debt collector as that term is defined in FDCPA § 1692a(6).

6. On information and belief, Commonwealth is not licensed in the Commonwealth

of Massachusetts as a debt collector with the Massachusetts Division of Banks as required by M.G.L. ch. 93 §§ 24-28 in order to collect debts within Massachusetts.

7. Defendant Chad E. Goldstone (hereafter"Goldstone") is a natural person and is the President, Treasurer and Clerk of Commonwealth.

8. Goldstone regularly attempts to collect debts alleged to be due another and is a debt collector as that term is defined in FDCPA § 1692a(6).

9. On information and belief, Goldstone is not licensed in the Commonwealth of Massachusetts as a debt collector with the Massachusetts Division of Banks as required by M.G.L. ch. 93 §§ 24-28 in order to collect debts within Massachusetts.

## FACTUAL ALLEGATIONS

10. On or about December 12, 2002, Defendants filed an action against Plaintiff in Boston Municipal Small Claims Court in an attempt to collect an alleged debt to First Card Visa (hereafter "debt").

11. On or about March 25, 2003, Defendants mailed a letter to Plaintiff in their attempt to collect the debt. A copy of this letter is attached hereto as **Exhibit 1**.

12. On or about March 26, 2003, Defendants mailed a letter to Plaintiff in their attempt to collect the debt. A copy of this letter is attached hereto as **Exhibit 2**.

13. On or about May 22, 2003, Defendants mailed a letter to Plaintiff in their attempt to collect the debt. A copy of this letter is attached hereto as **Exhibit 3**.

14. On or about May 27, 2003, Defendants mailed a letter to Plaintiff in their attempt to collect the debt. A copy of this letter is attached hereto as **Exhibit 4**.

15. On or about July 28, 2003, Defendants mailed a letter to Plaintiff in their attempt

2

to collect the debt. A copy of this letter is attached hereto as **Exhibit 5**.

16. On or about October 9, 2003, Defendants mailed a letter to Plaintiff in their attempt to collect the debt. A copy of this letter is attached hereto as **Exhibit 6**.

17. On or about November 25, 2003, Defendants mailed a letter to Plaintiff in their attempt to collect the debt. A copy of this letter is attached hereto as **Exhibit 7**.

18. On or about January 16, 2004, Defendants mailed a letter to Plaintiff in their attempt to collect the debt. A copy of this letter is attached hereto as **Exhibit 8**.

19. On or about February 19, 2004, Defendants mailed a letter to Plaintiff in their attempt to collect the debt. A copy of this letter is attached hereto as **Exhibit 9**.

## CAUSE OF ACTION

20. Defendants have violated §§ 1692e and 1692f of the FDCPA.

## PLAINTIFF'S DAMAGES

21. As a result of Defendants' violations of the FDCPA described above, the Plaintiff suffered actual damages, including payments to Commonwealth on the debt and emotional distress.

22. Plaintiff is entitled to her actual damages, pursuant to FDCPA § 1692k(a)(1).

23. Plaintiff is also entitled to an award of statutory damages, FDCPA § 1692k(a)(2)(A).

24. Plaintiff is entitled to her costs and attorney's fees pursuant to FDCPA § 1692k(a)(3).

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment for the Plaintiff and against Defendants in the amount of her

actual damages;

B. Enter judgment for the Plaintiff and against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k;

C. Award the Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

D. Grant such other and further relief as may be just and proper.

/s/ Yvonne W. Rosmarin
Yvonne W. Rosmarin  BBO #566428
Law Office of Yvonne W. Rosmarin
58 Medford Street
Arlington, MA 02474
781-648-4040

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ Yvonne W. Rosmarin
Yvonne W. Rosmarin

4