UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA FLINT EDGE,<br>　　　　Plaintiff,<br><br>v.<br><br>NORFOLK FINANCIAL CORPORATION<br>and DANIEL W. GOLDSTONE,<br>　　　　Defendants. | CIVIL ACTION NO. 04-12134 DPW |

## AFFIDAVIT OF DANIEL W. GOLDSTONE

I, Daniel W. Goldstone, hereby depose under oath and state as follows:

1.　　I am the President of the Defendant Norfolk Financial Corp. ("Norfolk"). This affidavit is based on my personal knowledge.

2.　　Norfolk holds a judgment against the plaintiff Linda Flint Edge. The judgment was issued by the Boston Municipal Court Small Claims Department. With post-judgment interest, the judgment is currently worth approximately $2,000. My affidavit and materials documenting the judgment, the plaintiff's concession of liability, and the plaintiff's agreement to make installment payments are already on file with the Court. (See Nov. 23, 2004 Goldstone Aff.)

3.　　After the plaintiff filed the instant action, Norfolk and I were willing to resolve the matter by dismissing the Small Claims action against the plaintiff in exchange for the plaintiff's agreement to dismiss this action. Norfolk and I also were ready to pay a reasonable attorney's fee to plaintiff's counsel. Norfolk and I were willing to take these measures not because there is any merit to the plaintiff's allegations, but simply in the exercise of business judgment, recognizing that it would cost Norfolk more to resolve the matter by way of litigation.

4.      By early January 2005, John O'Connor, counsel to Norfolk and me, proposed to plaintiff's counsel that the parties agree to settle their disputes by dropping their respective suits. That proposal was rejected without counter. Instead, weeks later, plaintiff's counsel issued a written settlement demand of $14,000.

5.      Had plaintiff's counsel responded in good faith to our settlement overture and requested a reasonable fee, Norfolk would have agreed to drop its Small Claims judgment and pay a fee simply to achieve resolution and avoid additional litigation expenses.

6.      As the two cases currently stand, the plaintiff holds a judgment against Norfolk in the amount of $1,000. Norfolk holds a judgment against the plaintiff in the amount of $1,997.23 as of today. Had the plaintiff and her attorney negotiated in good faith, the plaintiff would have no liability to Norfolk, plaintiff's counsel would have received a reasonable fee, and none of the subsequent proceedings before this Court would have been necessary.

Signed and sworn under the pains and penalties of perjury this 14th day of June, 2005.

_____
Daniel W. Goldstone

2

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a copy of the attached Affidavit by first class mail on the following:

>Yvonne W. Rosmarin, Esq.
>58 Medford Street
>Arlington, MA  02474

Dated: June 14, 2005

_____
John J. O'Connor

616419_1