UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA FLINT EDGE<br>　　　　Plaintiff<br><br>v.<br><br>NORFOLK FINANCIAL CORPORATION<br>and DANIEL W. GOLDSTONE<br>　　　　Defendant | CIVIL ACTION NO. 04-12134 DPW |

## DEFENDANTS' VERIFIED OPPOSITION TO
## PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT

　　　　The defendants oppose the Plaintiff's Motion for Entry of Final Judgment. The plaintiff has not complied with Local Rule 7.1. The Motion is moot and includes a proposed judgment that erroneously addresses interest. The Motion is a misleading tactical stunt. In further support of this Opposition, the defendants state as follows:

　　　　1.　　Plaintiff's counsel has not complied with Local Rule 7.1. There has been no conference of counsel. The Motion lacks the certification required by the rule.

　　　　2.　　The Motion is moot. There is already a judgment on the docket. The defendants already have satisfied the judgment and fee award. Attached to this opposition as <u>Exhibit A</u> is a true and accurate copy of a check in the amount of $16,490 issued as of September 28, 2005 by the defendants and forwarded to plaintiff's counsel under cover dated September 30, 2005. Because the judgment and fee award already have been paid in full, there is no need for the judgment proposed by the Motion.

　　　　3.　　The plaintiff claims to seek the entry of the proposed judgment now "in the interest of simplicity and having (sic) the final judgment on one page ....." This is a misleading subterfuge. The truth is this: Plaintiff's counsel <u>expressly and unqualifiedly agreed</u> to waive

post-judgment interest.[1]  Pursuant to that waiver, the defendants issued a check in full payment of the judgment amount ($1,000) and the Court's recent fee award ($15,490).  Plaintiff's counsel now seeks to <u>renege</u> on her agreement.  She has filed the current Motion as part of a scheme to collect (or threaten to collect) the post-judgment interest she previously waived.  Hence the self-serving language in the proposed judgment regarding the accrual of post-judgment interest.  This Motion is not about simplicity or a one-page judgment.  Rather, it is about counsel's desire to manipulate the Court into issuing a judgment that counsel will then claim entitles her to the post-judgment interest that she <u>specifically waived</u>.  The Court should not accept this Trojan horse, and should not permit itself to be used in this way.

   4.  The Motion is just the latest stunt by plaintiff's counsel that is offensive to the interests of professionalism and fair play.  As the Court is aware, plaintiff's counsel had an opportunity to resolve this case many months ago on terms that would have been <u>considerably more favorable</u> to the plaintiff than the judgment that the plaintiff -- based on the advice of counsel -- ultimately agreed to accept.  (<u>See</u> Aug. 29, 2005 Memorandum and Order at 16-17; Def's Opp. to Pet. for Atty. Fees at 3-4, 5-6.)  Counsel rejected that opportunity.  By so doing, counsel secured a larger fee for herself <u>at her client's expense</u>.  Now, as explained above, counsel is attempting to use the Court in service of an attempt to renege on a prior express

---

[1] The circumstances of the waiver of post-judgment interest are as follows.  Shortly after the Court issued its fee award, defense counsel contacted plaintiff's counsel and inquired whether the federal matter and state matters could be resolved together through one reduced payment by the defendants.  Plaintiff's counsel said she would check with her client and respond.  Some weeks passed without a definitive response from the plaintiff.  Finally, defense counsel advised plaintiff's counsel that he was concerned about the accrual of post-judgment interest while the plaintiff temporized.  Plaintiff's counsel was apologetic.  She said that she had been preoccupied with a large class action matter, and also had had some difficulty communicating with her client.  In substance, plaintiff's counsel said not to worry, that the defendants did not have to pay post-judgment interest, and that she would follow up with her client and respond.  The waiver of interest was an <u>unqualified</u> promise made to allay defense counsel's concerns regarding the passage of time.  There was <u>no</u> related agreement or promise by defense counsel.

promise to waive post-judgment interest. And she is doing this over a pittance -- a few months' interest on $1,000, and a few weeks' interest on $16,490. This type of sharp practice should be discouraged.

     5.     The proposed judgment erroneously addresses post-judgment interest. In theory, as the record stands, post-judgment interest on the $1,000 judgment runs from the date of that judgment. Interest on the <u>subsequent</u> fee award runs from the date of the award. Interest on the fee award is not retroactive to the date of the judgment, as the proposed judgment wrongly assumes.

For all of the foregoing reasons, the Plaintiff's Motion for Entry of Final Judgment should be denied. Alternatively, in accordance with the plaintiff's waiver, the Court should strike all references in the proposed final judgment to post-judgment interest. As a final alternative, any new judgment that the Court may issue should clarify that interest runs only from the date of the <u>new</u> judgment.

                                      NORFOLK FINANCIAL CORPORATION and
                                      DANIEL W. GOLDSTONE

                                      By their attorney,

                                      /s/ John J. O'Connor
                                      John J. O'Connor
                                      BBO # 555251
                                      PEABODY & ARNOLD LLP
                                      30 Rowes Wharf
                                      Boston, MA 02110
Dated: October 5, 2005             (617) 951-2100

## VERIFICATION

I, John J. O'Connor, hereby depose under oath and swear under the penalties of perjury that the above statements of fact are true and accurate.

                                                      /s/ John J. O'Connor
                                                      John J. O'Connor

## CERTIFICATE OF SERVICE

  I hereby certify that on this date I served a copy of the foregoing by first class mail on the following:

Yvonne W. Rosmarin, Esq.
58 Medford Street
Arlington, MA  02474

Dated: October 5, 2005

                  /s/ John J. O'Connor
                  John J. O'Connor

623927