IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA FLINT EDGE, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No.   04-12134  DPW |
| ) | |
| NORFOLK FINANCIAL CORPORATION ) | |
| and DANIEL W. GOLDSTONE, ) | |
|     Defendants. ) | |

**REPLY TO DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT**

Plaintiff has moved for entry of a final judgment on one document as provided for by Fed. R. Civ. P. 58(d).  What she has requested is a purely ministerial act of the clerk pursuant to the federal rules.  As such, Plaintiff's counsel did not contemplate that a conference with opposing counsel under Local Rule 7.1 would be necessary.  If such a conference is indeed necessary in the case of motions for ministerial acts, Plaintiff's counsel apologizes to the Court.

Defendants' only opposition to the merits of Plaintiff's motion are their assertions as to interest on both of the judgments in this case.  These assertions are incorrect.  The May 18, 2005 judgment for $1,000.00 is inclusive of all interest and therefore, no interest has accumulated on that judgment.  However, this Court's Memorandum and Order of August 29, 2005, specifically orders that "[t]he [attorney's fee] award [of $15,490.00] is subject to interest calculated in accordance with 28 U.S.C. § 1961 from May 18, 2005 until the date the award is paid.  Memo. and Order p. 22.

Nothing else in Defendants' opposition is relevant to the relief requested by Plaintiff or to any issue before the Court in this case.  Although Plaintiff had been trying to respond to Defendants' attempts to settle the judgments in this case, whether and how Plaintiff settles with Defendants on the

2

judgments is irrelevant to Plaintiff's motion. Defendants have not responded to Plaintiff's counsel's letters attempting to quickly dispose of this matter given the ambiguous nature of the notation "Accord and satisfaction" on Defendants' check, received by Plaintiff October 4, 2005. These letters are attached hereto as Exhibits 1 and 2.

Plaintiff's counsel again apologizes to the Court if a L.R. 7.1 conference was required and Plaintiff respectfully requests the Court to enter the proposed final judgment attached to her motion.

Respectfully submitted,
Attorney for the Plaintiff

s/Yvonne W. Rosmarin
Yvonne W. Rosmarin  BBO #566428
Law Office of Yvonne W. Rosmarin
58 Medford Street
Arlington, MA 02474
781-648-4040

**Yvonne W. Rosmarin**
Attorney at Law

ConsumerProtection

58 Medford Street
Arlington, MA 02474

By Fax

October 4, 2005

Mr. John O'Connor
Peabody & Arnold
50 Rowes Wharf
Boston, MA 02110

        Re:    Edge v. Commonwealth Receivables, Inc., *et al.*
               U.S. District Court No. 04-10578 RCL

Dear Jack:

      I left you a message on your voice mail about this, but you were in a meeting and I don't know whether you will have a chance to return my call. I just received a check from you for $16,490 in the above case. I do not understand this amount.

      We had talked on September 23, 2005, about finding a way to have both Norfolk's small claims judgment against my client and our judgment in the above case against Norfolk and Dan Goldstone paid at the same time. In that conversation, you suggested that we both waive interest on our respective judgments, because you didn't want Dan Goldstone "biting your head off" over the accumulating interest. I indicated that that would be fine with us, as long as it was mutual.

      However, when we last spoke on September 27, you indicated that, if we didn't find a way to pay both judgments at the same time, your client intended to pursue my client for the small claims judgment plus interest. I told you that, if Norfolk was not going to waive the interest on its small claims judgment against Ms. Edge, we would not waive interest on our judgment in the above case.

      Please let me know in writing what your clients' intentions are. It is not clear to me whether Norfolk intends to waive the interest on its small claims judgment against Ms. Edge (as the check I just received does not include interest) or whether they will be sending us another check once they have calculated the interest to date on our judgment.

      In the meantime, we hold the check you sent and not deposit it. You have written "Accord and satisfaction" on the memo line and I would like written confirmation from you that this means Norfolk is waiving the interest on its judgment against my client. If this is so, our not depositing the check at this time will be of no consequence to your clients. However, if Norfolk does not intend to waive interest on its judgment, our judgment has not yet been paid and

Tel 781-648-4040 • Fax 781-643-6164 • YRosmarin@abanet.org

Also Admitted in Illinois and Colorado

Mr. John O'Connor
October 4, 2005
Page 2


continues to accumulate interest.

    Thank you.


                                                    Sincerely,

                                                  Yvonne W. Rosmarin

HP OfficeJet T Series  
Personal Printer/Fax/Copier/Scanner

Fax History Report for  
LAW OFFICE  
7816436164  
Oct 04 2005 4:23pm

---

**Last Fax**

| Date | Time | Type | Identification | Duration | Pages | Result |
|------|------|------|----------------|----------|-------|--------|
| Oct 4 | 4:22pm | Sent | 6179512125 | 0:45 | 3 | OK |

---

Result:  
  OK - black and white fax  
  OK color - color fax

**Yvonne W. Rosmarin**
Attorney at Law

58 Medford Street
Arlington, MA 02474

ConsumerProtection

**By Fax**

October 5, 2005

Mr. John O'Connor
Peabody & Arnold
50 Rowes Wharf
Boston, MA  02110

                Re:    Edge v. Commonwealth Receivables, Inc., *et al.*
                        U.S. District Court No. 04-10578 RCL

Dear Jack:

      I wrote you yesterday asking for confirmation that Norfolk intends to waive the interest on its small claims court judgment against my client, Ms. Edge, based on the amount of the check you sent me and our previous conversations. If you will confirm this, we can enter a satisfaction of judgment immediately.

      If I do not hear from you by 2:00 p.m. tomorrow, October 6, 2005, I will need to file a reply to your opposition to our motion to enter a final judgment in the above case. This can be avoided and your client can get a satisfaction of judgment if you will just confirm that Norfolk is waiving the interest on its small claims court judgment against Ms. Edge.

      In addition, if I must file a reply, please let me know by 2:00 p.m. tomorrow whether you will assent to my motion for leave to file a reply.

      Thank you.

                                                   Sincerely,

                                                 Yvonne W. Rosmarin

Tel 781-648-4040 ● Fax 781-643-6164 ● YRosmarin@abanet.org

Also Admitted in Illinois and Colorado

**HP OfficeJet P Series**
**Personal Printer/Fax/Copier/Scanner**

Fax History Report for
LAW OFFICE
7816436164
Oct 05 2005 6:13pm

---

**Last Fax**

| Date | Time | Type | Identification | Duration | Pages | Result |
|------|------|------|----------------|----------|-------|--------|
| Oct 5 | 6:12pm | Sent | 6179512125 | 0:34 | 2 | OK |

---

Result:
 OK - black and white fax
 OK color - color fax